IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ISMAIL ALI AL RAMMI, et al.,**<br>*Petitioners/Plaintiffs*,<br><br>v.<br><br>**GEORGE W. BUSH, et al.,**<br>*Respondents/Defendants*. | )<br>)<br>)<br>)  Civil Action No. 05-CV-2381 (JDB)<br>)<br>)<br>)<br>)<br>) |

### PETITIONERS' PARTIAL OPPOSITION TO RESPONDENTS' MOTION FOR STAY

The government's motion for a stay should be denied in part. The government should be required to submit a factual return justifying petitioner's detention, as this Court has already held in two other cases brought by detainees held at Guantanamo Bay.

The government states that it "does not object to entry of the protective order and related, supplementary orders previously entered in other Guantanamo detainee cases to enable counsel to meet and correspond with properly represented petitioners in a privileged manner at Guantanamo Bay on appropriate matters related to these cases." Gov't Mot. at 14. Yet the government seeks to be alleviated of the obligation to furnish petitioner's counsel with a factual return of the providing the results of the already completed Combatant Status Review Tribunals. This Court has twice rejected the government's argument. In *Al Anazi v. Bush*, 370 F. Supp.2d 188, 199-200 (D.D.C. 2005), this Court stated:

> Although the Court is sensitive to the concerns of respondents, the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information.

Likewise, in *Al Shabany v. Bush*, 05-CV-2029, Slip Op., available at 2005 WL 3211407 (D.D.C. Nov. 17, 2005), this Court again rejected the government's argument that it should not be

required to submit a factual return. In both cases, the Court ordered the government to issue the factual return within 120 days.

    Petitioners contend that the government could easily submit a factual return in a shorter time than 120 days and should be ordered to do so within 30 or 45 days. Given this Court's earlier rulings, however, we recognize the unlikelihood of swaying the Court on this point. Petitioners further contend that any stay should be conditioned on a requirement that the government provide petitioners' counsel 30 days advance notice of any intended removal of petitioner from Guantanamo, although we recognize that this Court has rejected similar requests in other cases.

    The government has presented no basis for this Court not to adhere to its earlier rulings requiring the government to submit a factual return. The government should be ordered to do so.

    Respectfully submitted,

_____/s/_____
Jared A. Goldstein
Roger Williams University School of Law
Ten Metacom Ave.
Bristol, Rhode Island  02809
Tel: (401) 254-4594
D.C. Bar No. 478572

Dated: January 6, 2006

2