IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH ALI SALEH GERAB ALSAAEI, et al., <br><br>  Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, et al., <br><br> Respondents. | Civil Action No. 05-CV-2369 (RWR) |
| ISMAIL ALI AL RAMMI, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, et al., <br><br> Respondents. | Civil Action No. 05-CV-2381 (JDB) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS**

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals in the above-captioned cases.

**ARGUMENT**

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive

review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1), (h)(2).  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to petitioner's requests for relief, is appropriate pending the resolution of the effect of the Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  For these reasons, respondents oppose petitioners' request for relief.

Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[1]  Accordingly, absent further direction from the Court, respondents should not be required to submit further substantive briefing regarding the requests for relief before the Court.  Nonetheless, in an abundance of caution regarding this understanding, respondents reply to their stay motion and also oppose petitioners' request for relief for the reasons discussed below.

---

[1] The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit with an initial brief by respondents due on January 18, 2006, an opposition by petitioners due on January 25, 2006, and respondents' reply due on February 1, 2006.

**I.     The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

With regard to the Court's authority to enter a stay, there is nothing in the habeas statute that constrains the Court's broad authority to provide for an orderly schedule and otherwise manage habeas proceedings to further an efficient expenditure of litigation resources. Indeed, pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[2] a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243. Rule 4 provides that the judge shall "order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order." See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243");

---

[2] The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in the above-captioned cases. See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules."). Petitioners have presented no authority to the contrary.

Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail"). Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules. See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases). Thus, this Court has the authority to grant a stay of proceedings at this juncture. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

## II.  A Stay of Proceedings Is Appropriate.

It cannot be disputed that the resolution of the effect of the Detainee Treatment Act of 2005, as well as appeals of the decisions of Judge Leon in Khalid v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and Judge Green in In re Guantanamo Detainee Cases, 355 F. Supp.2d 443 (D.D.C. 2005), petition for interlocutory appeal granted, No. 05-8003 (D.C. Cir. Mar. 10, 2005),[3] will address the core jurisdictional and other issues in the Guantanamo detainee habeas cases and, thus, determine how these cases should proceed, if at all. Thus, it would be a wasteful expenditure of resources to proceed with litigation regarding the alleged rights of detainees at Guantanamo Bay when the law governing any such rights is presently in dispute and will be resolved by the Court of Appeals on an expedited basis. Several Judges of this Court have already recognized the propriety of a stay pending the Khalid and In

---

[3] Oral Argument before the D.C. Circuit in these cases was held on September 8, 2005.

re Guantanamo Detainee Cases appeals and generally have stayed proceedings in Guantanamo detainee habeas cases pending before them.[4] Consistent with this approach, proceedings in the above-captioned cases should also be stayed.

**III.    Factual Returns Should Not be Required.**

Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from additional proceedings in the above-captioned cases, including the submission of factual returns, ignores the cascade effect that would follow from not staying the cases. Presently, there are approximately 200 habeas cases pending on behalf of well over 300 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judge Leon in Khalid and Judge Green in In re Guantanamo Detainee Cases. A decision to allow proceedings to go forward at this time could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow additional proceedings in those cases, perhaps even by lifting or modifying stays that have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this

---

[4] See, e.g., Order (dkt. no. 16), Ahmed v. Bush, No. 05-CV-0665 (RWR) (D.D.C. July 8, 2005); Order (dkt. no. 2), Mangut v. Bush, No. 05-CV-1008 (JDB) (D.D.C. May 25, 2005); Order (dkt. no. 29), El-Mashad v. Bush, No. 05-CV-0270 (JR) (D.D.C. Apr. 7, 2005); Order (dkt. no. 18), Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (D.D.C. Apr. 30, 2005); Order (dkt. no. 35) Al-Adahi v. Bush, No. 05-CV-0280 (GK) (D.D.C. Apr. 29, 2005); Order (dkt. no. 7), Deghayes v. Bush, No. 04-CV-2215 (RMC) (D.D.C. Feb. 22, 2005); Order (dkt. no. 15), Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (D.D.C. Mar. 23, 2005); Order (dkt. no. 12), Ameziane v. Bush, No. 05-CV-0392 (ESH) (D.D.C. Apr. 12, 2005); Order (dkt. no. 8), Sliti v. Bush, No. 05-CV-0429 (RJL) (D.D.C. Apr. 7, 2005); Order (dkt. no. 4), Qayed v. Bush, No. 05-CV-0454 (RMU) (D.D.C. Apr. 6, 2005); Order (dkt. no. 9), Magram v. Bush, No. 05-CV-0584 (CKK) (D.D.C. May 18, 2005); Order (dkt. no. 12), Battayav v. Bush, No. 05-CV-0714 (RBW) (D.D.C. May 19, 2005).

litigation go forward." See Order Den. Mot. for Recons. of Order Granting Stay Pending Appeal in <u>In re Guantanamo Detainee Cases</u> (Feb. 7, 2005) (Green, J.).  Indeed, any proceedings in the above-captioned cases that are permitted to go forward very likely would need to be revisited or relitigated, and will likely be shown to have been altogether improper or unnecessary, once either the effect of the Detainee Treatment Act is determined or the Court of Appeals otherwise provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioners.  Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned cases in abeyance.[5]

---

[5] In the event the submission of a factual return is required, however, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and given the logistical burdens posed by an undertaking to produce returns in the cases.  Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders.  Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel.  Further, submission of these returns will increase the risks of inadvertent or other disclosure or compromise of classified information.  Given that the proper scope of these proceedings will soon be decided, including whether the claims of petitioners can be dismissed without reference to a specific factual return, there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioners' counsel access to a factual return which may ultimately prove unnecessary.

Though the submission of a factual return should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary.  For example, a schedule allowing for the production of factual returns in these cases within 120 days would be appropriate, if returns are ordered, and ordering a shorter period would be burdensome.  See e.g., Order (dkt. no. 21), <u>Al-Anazi</u>, No. 05-CV-0345 (JDB) (D.D.C. Apr. 21, 2005) (imposing 120-day schedule to provide factual return); Order (dkt. no. 12), <u>Battayav v. Bush</u>, No. 05-CV-0714 (RBW) (D.D.C. May 19, 2005), at 4 (requiring a 120-day schedule).  The Court should not order the production of a factual return for petitioners in these cases, and in no event should the Court require returns to be produced sooner than 120 days from the date of any such order.

## **CONCLUSION**

For the reasons stated in respondents' motion to stay proceedings pending related appeals, and in this supporting reply memorandum, this Court should stay further proceedings in the above-captioned cases pending resolution of the effect of the Detainee Treatment Act of 2005 or this Court's jurisdiction over these cases and/or resolution of the appeals of Judge Leon's decision in <u>Khalid</u> and Judge Green's decision in <u>In re Guantanamo Detainee Cases</u>.  The Court should deny petitioners' request for immediate issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2243 or, alternatively, to issue an order to show cause.

Dated: January 17, 2005					Respectfully submitted,

							PETER D. KEISLER
							Assistant Attorney General

							KENNETH L. WAINSTEIN
							United States Attorney

							DOUGLAS N. LETTER
							Terrorism Litigation Counsel

							  /s/ Nicholas J. Patterson
							JOSEPH H. HUNT (D.C. Bar No. 431134)
							VINCENT M. GARVEY (D.C. Bar No. 127191)
							TERRY M. HENRY
							JAMES J. SCHWARTZ
							PREEYA M. NORONHA
							ROBERT J. KATERBERG
							NICHOLAS J. PATTERSON
							ANDREW I. WARDEN
							EDWARD H. WHITE
							MARC A. PEREZ
							Attorneys
							United States Department of Justice
							Civil Division, Federal Programs Branch
							20 Massachusetts Ave., N.W.  Room 7220
							Washington, DC  20530
							Tel:  (202) 514-4523
							Fax:  (202) 616-8470

							Attorneys for Respondents